UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 05-80102 -WRS
                                                                         Chapter 13
EDDIE N. BERRY

    Debtor.


EDDIE N. BERRY

    Plaintiff,                                        Adv. Pro. No. 05-8008 -WRS

v.


HOME Q SERVICING CORP.,

    Defendant.


## MEMORANDUM DECISION

On April 8, 2005, Debtor Eddie N. Berry, ("Berry") filed a Complaint to Determine Validity, Priority, and Extent of a Lien against Defendant Home Q Servicing Corporation, ("Home Q"). (Doc. 1). After receipt of a summons from the clerk's office, Berry, by way of first class mail, sent a copy of the summons and complaint to Home Q in the following manner:

> Home Q, Attn: Manager or President
> 1100 Corporate Center Dr., 3rd Floor Bldg C
> Raleigh, North Carolina, 27607

(Docs. 2, 3). Berry subsequently filed a request for entry of default judgment[1] on June 14, 2005.

---

[1] The Court will treat Berry's "Application, Affidavit and Entry of Default and Default Judgment" as a Motion for Default Judgment. (Docs. 7, 8, 9).

The issue now presented before the Court is whether service of process pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure requires service upon a specifically named individual or whether such service addressed to the attention of the president or a corporate officer is sufficient. The Court holds that addressing the summons and complaint to the attention of "Manager or President," was not sufficient service.

Bankruptcy Rule 7004(b)(3) provides in relevant part:

> (b) . . . service may be made within the United States by first class mail postage prepaid as follows:
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

There is a split among courts as to whether service must be sent to a specifically named officer, managing, or general agent of a corporation. See In re Schoon, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993); In re Pittman Mechanical Contractors, Inc., (Addison v. Gibson Equip. Co.), 180 B.R. 453, 457 (Bankr. E.D. Va. 1995); In re Faulknor (Faulknor v. Amtrust Bank), No. R04-43921-PWB, 2005 Bankr. LEXIS 60, at *4 (Bankr. N.D. Ga. Jan. 14, 2005); but see In re C.V.H. Transport, Inc., (Schwab v. Associates Commercial Corp.), 254 B.R. 331, 333 (Bankr. M.D. Pa. 2000); In re Tudor (Fleet Credit Card Servs., L.P. v. Tudor), 282 B.R. 546, 550 (Bankr. S.D. Ga. 2002); In re Outlet Dep't Stores, Inc., (Teitelbaum v. Equitable Handbag Co.), 49 B.R. 536, 540 (Bankr. S.D. N.Y. 1985). See

also In re Lenox Healthcare, Inc., (Golden v. Guardian), 319 B.R. 819, 822 (Bankr. D. Del. 2005) (noting that "some courts require that [service] be addressed to a person by name, while others require that [service] be addressed by title."). On this very point, this Court has in the past articulated that Rule 7004(b)(3) "requires service upon *a human being of some description*." See DePaola v. Bunker Plastics, (In re: Collins Signs, Inc.), Adv. Pro. No. 04-1135, (Memorandum Decision dated November 16, 2004) (emphasis added). In light of this Court's prior decision on service of process, the service here was improper because Berry "did not serve an officer, [he] served an office." In re Schoon, 153 B.R. 48, 49.

The reasons for requiring the naming of a specific individual for purposes of satisfying Rule 7004(b)(3) are multifarious and obvious. First, it is well recognized that without effecting proper service, a default judgment will be rendered void and will be rightly set aside for lack of personal jurisdiction over the defendant. In re Sun Healthcare Group, Inc., (Sun Healthcare Group, Inc., v. Mead Johnson Nutritional), No. 99-03657, 2004 Bankr. LEXIS 572, at *19 (Bankr. D. Del. Apr. 30, 2004). Second, the Court does not view serving a summons and complaint to an unspecified individual as satisfying the central purpose of Rule 7004(b)(3), which is to put the entity being sued on notice of the pending action against it. This is especially the case when service is attempted upon a corporation, where "[a]n individual who receives service of process on behalf of a corporation must be someone who, by inclination and training or statutory duty, will assure that the papers are passed on to a responsible authority in the corporation who has the responsibility to cause the corporation to respond appropriately." In re Ass'n of Volleyball Prof'ls, 256 B.R. 313, 317 (Bankr. C.D. Cal. 2000). Like the court in Schoon,

3

we feel that specifically naming an individual for purposes of Rule 7004(b)(3) is a small price to pay for having to perform the alternative- effecting personal service upon the defendant.  See also In re Faulknor, 2005 Bankr. LEXIS 60, at *4.

In this case, Berry's motion for default was amended to include an affidavit by his attorney, John M. Caraway, Jr., which asserts that the summons and complaint was served upon Home Q by first class mail on April 14, 2005.  (Docs. 7, 8, 9).  The proffering of an affidavit of a plaintiff's attorney is not a substitute for effecting proper service upon a defendant.  In fact, the record suggests that Home Q never received the summons and complaint as there has not been any response from the defendant corporation.  The Court finds that service by mail upon an unnamed individual does not constitute proper service for purposes of Rule 7004(b)(3).  Accordingly, Berry's Motion for entry of default judgment against Home Q is DENIED without prejudice.  The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 22nd day of August, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: John M. Caraway, Jr., Attorney for Plaintiff
   Defendant